```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:                               │
│ DATE FILED: 9|2|14                   │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :       INFORMATION
                                  :
        - v. -                    :
                                  :       S2 13 Cr. 814 (JMF)
RICHARD RIVERA,                   :
      a/k/a "Richie,"             :
                                  :
              Defendant.          :
- - - - - - - - - - - - - - - - - x

## COUNT ONE

The United States Attorney charges:

1.    From in or about February 2013, up to and including in or about September 2013, in the Southern District of New York and elsewhere, RICHARD RIVERA, a/k/a "Richie," the defendant, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, RIVERA agreed with others to commit armed robberies of commercial establishments located in Manhattan and elsewhere, which sold goods that had been shipped in interstate commerce.

(Title 18, United States Code, Section 1951.)

### COUNT TWO

The United States Attorney further charges:

2.    From at least in or about February 2013, up to and including in or about September 2013, on occasions other than the August 6, 2013 conduct charged in Counts Three and Four, in the Southern District of New York and elsewhere, RICHARD RIVERA, a/k/a "Richie," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery conspiracy charged in Count One of this Information, knowingly did use and carry firearms, and in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, at least one of which was brandished during the robberies.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii) and 2.)

### COUNT THREE

The United States Attorney further charges:

3.    On or about August 6, 2013, in the Southern District of New York, RICHARD RIVERA, a/k/a "Richie," the defendant, unlawfully and knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, RIVERA and a co-conspirator robbed a store located at

631 2nd Avenue in New York, New York, which sold goods that had

been shipped in interstate commerce .

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FOUR

The United States Attorney further charges:

4.   On or about August 6, 2013, in the Southern District

of New York, RICHARD RIVERA, a/k/a "Richie," the defendant,

during and in relation to a crime of violence for which he may

be prosecuted in a court of the United States, namely, the

robbery charged in Count Three of this Information, knowingly

did use and carry a firearm, and in furtherance of such crime,

did possess a firearm, and did aid and abet the use, carrying,

and possession of a firearm, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

## COUNT FIVE

The United States Attorney charges:

5.   From in or about 2010, up to and including in or about

2011, in the Southern District of New York and elsewhere,

RICHARD RIVERA, a/k/a "Richie," the defendant, and others known

and unknown, unlawfully and knowingly did combine, conspire,

confederate, and agree together and with each other to commit

robbery, as that term is defined in Title 18, United States

Code, Section 1951(b)(1), and would and did thereby obstruct,

delay, and affect commerce and the movement of articles and

commodities in commerce, as that term is defined in Title 18,
United States Code, Section 1951(b)(3), to wit, RIVERA agreed
with others to commit armed robberies of individuals who he and
others believed to possess proceeds of commercial establishments
engaged in interstate commerce.

(Title 18, United States Code, Section 1951.)

### COUNT SIX

The United States Attorney further charges:

6.    From in or about 2010, up to and including in or about
2013, in the Southern District of New York and elsewhere,
RICHARD RIVERA, a/k/a "Richie," the defendant, and others known
and unknown, intentionally and knowingly did combine, conspire,
confederate, and agree together and with each other to violate
the narcotics laws of the United States.

7.    It was a part and an object of the conspiracy that
RICHARD RIVERA, a/k/a "Richie," the defendant, and others known
and unknown, would and did distribute and possess with intent to
distribute a controlled substance, in violation of Title 21,
United States Code Section 841(a)(1).

8.    The controlled substances that RICHARD RIVERA, a/k/a
"Richie," the defendant, conspired to distribute and possess
with the intent to distribute were (a) mixtures and substances
containing 100 grams and more of heroin, in violation of Title
21, United States Code, Section 841(b)(1)(B); and (b) pills

containing oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION AS TO COUNTS ONE, THREE, and FIVE

9.   As the result of committing the offenses charged in Counts One, Three, and Five of this Information, in violation of Title 18, United States Code, Section 1951, RICHARD RIVERA, a/k/a "Richie," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Three, and Five of this Information, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offenses.

### Substitute Assets Provision

10.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the

Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §

981, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461, to seek

forfeiture of any other property of the defendant up to the

value of the forfeitable property.

> (Title 18, United States Code, Sections 981 and 1951;
> Title 28, United States Code, Section 2461; and
> Title 21, United States Code, Section and 853.)

### FORFEITURE ALLEGATION AS TO COUNT SIX

11.     As a result of committing the controlled substance

offense charged in Count Six of this Information, RICHARD

RIVERA, a/k/a "Richie," the defendant, shall forfeit to the

United States, pursuant to 21 U.S.C. § 853, any and all property

constituting or derived from any proceeds the defendant obtained

directly or indirectly as a result of such offense and any and

all property used or intended to be used in any manner or part

to commit and to facilitate the commission of such offense,

including but not limited to a sum in United States currency

representing the amount of proceeds obtained as a result of the

violation.

## Substitute Assets Provision

12.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 853.)

PREET BHARARA
United States Attorney

7

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**RICHARD RIVERA, a/k/a "Richie,"**

Defendant.

---

**INFORMATION**

S2 13 Cr. 814 (JMF)

(18 U.S.C. §§ 1951, 924(c) and 2;
21 U.S.C. § 846.)

PREET BHARARA

United States Attorney.